# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BENNETT GRIMES, | Case No. 2:19-cv-00663-GMN-GWF |
| Petitioner, | **ORDER** |
| v. | |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

Petitioner has paid the filing fee. The court has reviewed the petition for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss ground 1. The court will serve the petition upon respondents for a response to the remaining grounds.

Ground 1 is a claim that the state district court erred in the state post-conviction proceedings both by not providing any reasons for its denial of the post-conviction petition, and by not drafting its own findings of fact, conclusions of law, and order. Claims of error in the state post-conviction proceedings are not addressable in federal habeas corpus. Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989). The court dismisses ground 1.

Petitioner has filed a motion for appointment of counsel (ECF No. 2). Whenever the court determines that the interests of justice so require, counsel may be appointed to any financially eligible person who is seeking habeas corpus relief. 18 U.S.C. § 3006A(a)(2)(B). "[T]he district

court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952 (9th Cir. 1983). There is no constitutional right to counsel in federal habeas proceedings. McCleskey v. Zant, 499 U.S. 467, 495 (1991). The factors to consider are not separate from the underlying claims, but are intrinsically enmeshed with them. Weygandt, 718 F.2d at 954. After reviewing the petition, the court finds that appointment of counsel is not warranted.

IT THEREFORE IS ORDERED that the clerk of the court shall file the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

IT FURTHER IS ORDERED that ground 1 of the petition is **DISMISSED**.

IT FURTHER IS ORDERED that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

IT FURTHER IS ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the petition.

IT FURTHER IS ORDERED that respondents will have sixty (60) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents shall raise all potentially available affirmative defenses, including untimeliness, lack of exhaustion, and procedural default, in an initial motion to dismiss. The court will not entertain successive motions to dismiss.

IT FURTHER IS ORDERED that if respondents file and serve an answer, then they must comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner then will have forty-five (45) days from the date on which the answer is served to file a reply.

IT FURTHER IS ORDERED that if respondents file a motion, then petitioner will have forty-five (45) days to file a response to the motion, and respondents will have twenty-one (21) days from the date of filing of the response to file a reply.

1  IT FURTHER IS ORDERED that, notwithstanding Local Rule LR IC 2-2(g), paper copies
2  of any electronically filed exhibits need not be provided to chambers or to the staff attorney,
3  unless later directed by the court.
4  IT FURTHER IS ORDERED that petitioner's motion for appointment of counsel (ECF
5  No. 2) is DENIED.
6  DATED: June 15, 2019

_____
GLORIA M. NAVARRO
Chief United States District Judge