# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BENNETT GRIMES, | Case No. 2:19-cv-00663-GMN-EJY |
| Petitioner, | |
| v. | **ORDER** |
| BRIAN WILLIAMS, et al., | |
| Respondents. | |

This habeas matter is before the Court on Respondents' Nunc Pro Tunc Motion for Extension of Time to File Opposition (ECF No. 46). On March 28, 2022, the Court denied Petitioner Bennett Grimes's petition for writ of habeas corpus and the clerk of the court entered judgment in favor of Respondents. (ECF Nos. 38, 39.) On April 11, 2022, Grimes filed a single pleading titled "Notice of Appeal and Application for a Certificate of Appealability with Attached a Rule 59(e) Motion."[1] (ECF Nos. 40-43.) The single pleading was filed on the docket as a Notice of Appeal (ECF No. 41), Motion re Rule 59(e) (ECF No. 42), and Motion for Certificate of Appealability (ECF No. 43).

Respondents seek permission to file a late opposition to Grimes's Rule 59(e) Motion. (ECF No. 42.) Respondents assert that counsel mistakenly, but in good faith, believed Grimes's filed a notice of the desire to appeal and failed to file a response to his motion based on excusable neglect. Counsel did not realize her error until the Ninth Circuit issued its order that appellate proceedings are stayed pending resolution of the April 11, 2022 motion. (ECF No. 45.)

When a party moves to extend a deadline before the original time expires and the stated reasons show good cause, the court may grant the extension. Fed. R. Civ. P. 6(b). After the deadline expires, the moving party must also show that "the party failed to act because of excusable

---

[1] Grimes also filed a Motion for Certificate of Appealability. (ECF No. 40.) The Clerk's Office of the United States Court of Appeals for the Ninth Circuit filed a letter indicating receipt of Grimes's notice of appeal and/or request for certificate of appealability. (ECF No. 44.)

neglect." Fed. R. Civ. P. 6(b)(1)(B); LR IA 6-1. "'Good cause' is a non-rigorous standard," *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010), which primarily considers the diligence of the party seeking the extension. *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 737 (9th Cir. 2013). Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence," and includes "omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388, 394 (1993). To determine when neglect is excusable, the court takes "account of all relevant circumstances surrounding the party's omission," *Pioneer*, 507 U.S. at 395, and

> conduct[s] the equitable analysis specified in *Pioneer* by examining "at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."

*Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).

The Court is satisfied that Respondents acted in good faith. The delay in this case, thus far, will not have a significant impact on the proceedings. On the other hand, the Court and the parties will benefit from receiving Respondents' opposition to the pending motion. Further, there is no danger of prejudice to Grimes. Under these circumstances, the Court finds that Respondents' neglect is excusable. Accordingly, Respondents' motion for extension of time is granted and their Response (ECF No. 47) is considered properly filed. Grimes will have until July 6, 2022 to file his reply in support of his Rule 59(e) motion.

**IT IS THEREFORE ORDERED:**

1. Respondents' Nunc Pro Tunc Motion for Extension of Time to File Opposition (ECF No. 46) is GRANTED.

2. Petitioner Bennett Grimes has until July 6, 2022 to file his reply in support of his Rule 59(e) motion.

DATED: June 15, 2022

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE