UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BENNETT GRIMES,<br><br>　　　　　　　　　　Petitioner,<br>　v.<br>BRIAN WILLIAMS, et al.,<br><br>　　　　　　　　　　Respondents. | Case No. 2:19-cv-00663-GMN-EJY<br><br>**ORDER** |

Petitioner Bennett Grimes filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 7 ("petition")). The Court issued an order denying the petition on the merits (ECF No. 38) and entered judgment (ECF No. 39). Grimes timely filed a notice of appeal (ECF No. 41), a motion for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure (ECF No. 42 ("motion")) and requested a certificate of appealability (ECF Nos. 42 and 43). The Ninth Circuit Court of Appeals stayed the appeal until this Court decides the motion for reconsideration. (ECF No. 45.) Grimes thereafter filed a motion for release under Fed. R. App. P. 23(c) (ECF No. 49), for an extension of time to file a reply in support of the motion for reconsideration (ECF No. 51) and for copies of all briefs and motions filed in this action (ECF No. 54). For the reasons discussed below, the Court will grant the motion for extension of time to file a reply in support of the motion for reconsideration (ECF No. 51) and deny the motions for reconsideration (ECF No. 42), certificate of appealability (ECF Nos. 42 and 43), release under Fed. R. App. P. 23(c) (ECF No. 49), and for copies of all briefs and motions filed in this action (ECF No. 54). As a one-time courtesy to Grimes, however, the Court will instruct the Clerk of the Court to send him a copy of the docket for this action.

**I.    MOTION FOR RECONSIDERATION**

Grimes raises 21 points for reconsideration of the Court's order denying the petition. (ECF No. 42.) Respondents oppose the motion contending Grimes failed to demonstrate newly discovered evidence, clear error or manifest injustice, or an intervening change in the controlling

1  law to justify reconsideration. (ECF No. 47 at 5–6.) The Court agrees that Grimes has failed to
2  present a viable basis for reconsideration of the order denying the petition.

3        A district court "possesses the inherent procedural power to reconsider, rescind, or modify"
4  an order for sufficient cause. *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888
5  (9th Cir. 2001). "A Rule 59(e) motion is an 'an extraordinary remedy, to be used sparingly and in
6  the interest of finality and conservation of judicial resources'." *Wood v. Ryan*, 759 F.3d 1117, 1121
7  (9th Cir. 2014) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.
8  2000)). "A district court may grant a Rule 59(e) motion if it is presented with newly discovered
9  evidence, committed *clear error*, or if there is an intervening change in the controlling law." *Wood*,
10 759 F.3d at 1121 (citations and internal quotation marks omitted) (emphasis in original); *see also*
11 LR 59-1(a). "But '[a] motion for reconsideration is not an avenue to re-litigate the same issues and
12 arguments upon which the court already has ruled'." *United States v. Kauwe*, 467 F. Supp. 3d 940,
13 945 (D. Nev. 2020) (quoting *Brown v. Kinross Gold*, U.S.A., 378 F. Supp. 2d 1280, 1288 (D. Nev.
14 2005) (citation omitted)). And "[a] motion for reconsideration 'may *not* be used to raise arguments
15 or present evidence for the first time when they could reasonably have been raised earlier in the
16 litigation'." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th
17 Cir. 2009) (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

18       In points 1–3 of the motion, Grimes requests reconsideration of factual findings made by
19 the Nevada Supreme Court and the characterization of the facts contained in the state court record
20 as set forth in the order denying the petition.[1] (ECF Nos. 38 at 2; 42 at 2.) He claims the testimony
21 of the victim and an eyewitness police officer that Grimes had a knife in his hand was contradicted
22 by the DNA results, which excluded him as contributor to blood DNA found on the knife. (*Id.*).
23 He further claims that the testimony that he was concealed behind stairs prior to entering his wife's
24 apartment was uncorroborated (*Id.*) Grimes fails to point to any newly discovered evidence,
25 intervening change in the controlling law, or demonstrate the Court clearly erred in its deference

---

27 [1]    Grimes's motion does not indicate to which document his list of points for reconsideration refer, however,
28 his reply in in support of the motion for reconsideration (ECF No. 53 at 26) states his page and line citations correspond to the Court's order denying the petition on the merits.

to the factual findings of the Nevada Supreme Court, or in its characterization of the testimony in the state court record. (*Id.*)

In Points 4–10, Grimes seeks reconsideration of Ground 4, which alleged appellate counsel was ineffective in failing to challenge the denial of a motion to dismiss due to the State's failure to test the knife for Grimes's fingerprints and blood. (ECF No. 42 at 2–3.) Grimes claims the State was obligated to test the knife for his fingerprints and blood. (*Id.*) Grimes fails to show an intervening change in controlling law that required the State to conduct such tests, newly discovered evidence showing his fingerprints and blood were not on the knife, or that the Court clearly erred in its consideration of Ground 4.[2]

In points 11–16, Grimes seeks reconsideration of Ground 7 because he disagrees that the state district court's failure to notify counsel and respond to the juror's note inquiring about the timing for the formulation of specific intent to support a burglary conviction, was harmless error. (ECF Nos. 38 at 9–12; 42 at 3–4.) He claims the jurors admitted they believed he did not commit burglary, but he offers no new evidence supporting that claim. He also offers no intervening controlling law affecting the analysis of Ground 7 and nothing to suggest the Court clearly erred in its deference to the Nevada Supreme Court's determination that the state district court's failure to notify the defense about the note and respond to the jury's note constitutes harmless error.

Points 17–20 concern Ground 8, in which Grimes alleged the State failed to present sufficient evidence to sustain the burglary conviction. (ECF No. 42 at 4–5.) Grimes asks the Court to reconsider because, (1) the victim's mother did not see him and only heard her daughter scream; (2) the jurors admitted they were mistaken about criminal intent; (3) there was no evidence he was "lurking"; and (4) the overwhelming evidence refutes his intent to harm. (*Id*; *see also* ECF No. 38 at 12.) Grimes fails to point to any newly discovered evidence, intervening change in the controlling law, or demonstrate that the Court clearly erred in its deference to the factual findings

---

[2] The victim, her mother, and an eyewitness police officer testified they saw Grimes stab the victim and a medical doctor testified the victim was stabbed 21 times. (Ex. 41 and ECF No. 20-1 at 26–27, 84–86, 121, 149, 174–75; ECF No. 38 at 1–2.)

of the Nevada Supreme Court, or in its assessment and characterization of the facts in the state court record. (*Id.*)

Finally, Grimes requests reconsideration in point 21 for Ground 2, in which Grimes alleged trial and appellate counsel were ineffective in failing to challenge the battery conviction as redundant due to the conviction for attempted murder. (ECF No. 42 at 5.) He requests reconsideration claiming the habeas court must apply the constitutional standards that prevailed at the time the original proceedings took place. (*Id.*) (citing *Teague v. Lane*, 489 U.S. 288, 301 (1989)); *see also* ECF No. 38 at 13–20. As explained in the Court's order, at the time of Grimes's convictions, there existed favorable and unfavorable Nevada caselaw on the issue whether a battery conviction is redundant where a defendant is convicted of attempted murder for the same conduct. (ECF No. 38 at 13–20.) The Nevada Supreme Court's unfavorable resolution of that conflicting case law between the time Grimes was convicted and the time of his sentencing did not result in a new rule for purposes of *Teague. See Teague,* 489 U.S. at 301 (A case announces a new rule "if the result was not *dictated* by precedent existing at the time the defendant's conviction became final.") (emphasis in original); *see also Chaidez v. United States,* 568 U.S. 342, 347 (2013) (noting "a holding is not so dictated . . . unless it would have been 'apparent to all reasonable jurists.'") (citation omitted); *Jones v. Davis*, 806 F.3d 538, 547 (9th Cir. 2015) (noting a court must ask "whether a state court considering the defendant's claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule he seeks was required by the Constitution.") (citations and brackets omitted). Grimes fails to show newly discovered evidence, an intervening change in the controlling law, or that this Court clearly erred in its consideration of Ground 2.

For the foregoing reasons, Grimes has failed to present any basis for reconsideration of the Court's order dismissing the petition.[3]

///

---

[3] In his reply in support of his motion (ECF No. 53), Grimes repeats arguments for the same claims he made in his petition and attempts to argue new constitutional claims under headings entitled "newly discovered evidence," "clear error" and an "intervening change in controlling law." As discussed, such contentions fail to present an appropriate basis for reconsideration.

## II.     OTHER MOTIONS

Grimes requests a certificate of appealability in his motion (ECF No. 42 at 1) and in a separately filed motion for certificate of appealability (ECF No. 43). The motions for certificate of appealability will be denied as jurists of reason would not find the Court's denial of the petition debatable or wrong.

Grimes filed a motion of mercy requesting release under Fed. R. App. P. 23(c) and the Respondents filed an opposition (ECF No. 50). The motion will be denied because a motion under Fed. R. App. P. 23(c) is inapplicable to this habeas proceeding.

Grimes filed a motion for extension of time to file a reply in support of the motion (ECF No. 51) and the State filed a non-opposition to that motion (ECF No. 52). The motion for extension of time (ECF No. 51) will be granted and the reply in support of the motion for reconsideration (ECF No. 53) is deemed timely filed.

Finally, Grimes filed a motion for copies of all briefs and motions filed in the case (ECF No. 54) and Respondents filed a non-opposition (ECF No. 55). Generally, an inmate has no constitutional right to free photocopying or to obtain court documents without payment. *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991). Federal courts do not allow prisoners or any other litigants to accrue copy fees; rather, payment for copy fees is required at the time a request is made. LR IC 1-1(i)(5) (paper copies of filed documents may be obtained from the clerk's office after payment of copying fees). Nothing in federal law, the Federal Rules of Civil Procedure, the Local Rules of Practice, or established case law, authorizes federal courts to waive or finance copy fees in habeas cases. LSR 1-6 (stating that *in forma pauperis* status does not waive a party's "responsibility to pay the expenses of litigation that are not covered by 28 U.S.C. § 1915," which does not provide for copies). As such, payment is required for all copies of documents contained in the Court's docket and I will deny Grimes's motion (ECF No. 54). However, as a one-time

///
///
///
///

courtesy to Grimes, I will instruct the Clerk of the Court to send to Grimes one copy of the docket in this action.

**IT IS THEREFORE ORDERED:**

1. The motion for reconsideration under Rule 59(e) (ECF No. 42) DENIED with prejudice.

2. A certificate of appealability is denied as jurists of reason would not find the Court's denial of the motion for reconsideration debatable or wrong.

3. The motions for a certificate of appealability (ECF Nos. 42 and 43) are DENIED as jurists of reason would not find the Court's denial of the petition debatable or wrong.

4. The motion for release under Fed. R. App. P. 23(c) (ECF No. 49) is DENIED.

5. The motion for extension of time to file the reply in support of the motion for reconsideration (ECF No. 51) is GRANTED. The reply in support of the motion for reconsideration (ECF No. 53) is deemed timely filed.

6. The motion for copies (ECF No. 54) is DENIED.

7. As a one-time courtesy, the Clerk of the Court is directed to send Grimes a copy of the docket in this action.

DATED: October 17, 2022

GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE